UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STACEY GOSS, | : | CIVIL CASE NO. |
| Petitioner, | : | 3:13-CV-1325 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | FEBRUARY 23, 2015 |
| Respondent. | : | |

RULING RE:  MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE (Doc. No. 1)

**I.     INTRODUCTION**

Petitioner Stacey Goss filed this Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), seeking to reduce her sentence based on ineffective assistance of counsel, the Fair Sentencing Act of 2010 (the "FSA"), changes to the United States Sentencing Guidelines, and changes in recent Supreme Court jurisprudence.  The government filed a Memorandum in Opposition (Doc. No. 11), arguing that: (1) Goss's Motion is untimely; (2) Goss waived her right to collaterally attack her sentence; and (3) Goss fails to establish ineffective assistance of counsel.

For the reasons that follow, the court denies Goss's Motion.

**II.    BACKGROUND**

On June 18, 2008, Goss pleaded guilty to Count Four of the Second Superseding Indictment, which charged her with Conspiracy to Distribute and to Possess with Intent to Distribute 50 grams or more of cocaine base, in violation of sections 846, 841(a)(1), and 841(b)(1)(A)(iii) of title 21 of the United States Code.  See Resp.'s Mem. Opp., Ex. 1 (the "Plea Agreement").  In the Plea Agreement, Goss stipulated that "her conduct as a member of the narcotics conspiracy charged in Count

Four, which includes the readily foreseeable conduct of other members of that conspiracy, involved at least at least 500 grams but less than one kilogram of a mixture and substance containing a detectable amount of cocaine base." Plea Agreement 9. She also stipulated that she fell within Criminal History Category VI, so if she were found to be a career offender, her total offense level would be 34, resulting in a Guidelines range of 262 to 327 months' imprisonment. Id. at 3–4. Goss agreed that she would not appeal or collaterally attack her sentence so long as it did not exceed 135 months' imprisonment and a five-year term of supervised release. Id.

On October 22, 2008, Judge Mark R. Kravitz imposed a sentence of 120 months' imprisonment. In doing so, the court declined to categorize Goss as a career offender. See Judgment (Doc. No. 375), United States v. Goss, No. 3:07-cr-289. The court also departed from the applicable Guidelines range. Id.

### III.   STANDARD OF REVIEW

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Ciak v. United States, 59 F.3d 296, 301 (2d Cir.1995) (internal citation omitted). "As a general rule, relief is available under [section] 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. United States, 32 F.3d 31, 35 (2d Cir.1994) (internal citations and quotation marks omitted).

Because Goss proceeds pro se, the court must read her "submissions broadly so as to determine whether they raise any colorable legal claims." Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) (citing Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145–46 (2d Cir. 2002)).

**IV.    DISCUSSION**

The government argues that the court should deny Goss's Motion for three independent reasons.  First, it argues that Goss's Motion is time-barred.  Second, it contends that Goss waived her right to collaterally attack her conviction and sentence.  Third, it denies that Goss has established a claim of ineffective assistance of counsel.  Because the court agrees with the government's first two arguments, it does not address the third.

    A.    Timeliness

Section 2255(f) contains the applicable statute of limitations for claims for post-conviction relief filed under that section.  Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Additionally, an otherwise untimely motion under section 2255 may be equitably tolled in certain circumstances. See Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). Specifically, "[t]o equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." Id. (internal quotation marks omitted).

    Goss filed this Motion on September 9, 2013. Thus, Goss must establish that one of the dates described in section 2255(f) occurred on or after September 9, 2012. Goss's Judgment became final on October 22, 2008, so her Motion is not timely under section 2255(f)(1). Goss identifies no unconstitutional governmental action that impeded her from filing her Motion at an earlier date, so section 2255(f)(2) does not apply. Regarding section 2255(f)(3), Goss seeks post-conviction relief based on the changes in statutory law, not on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Moreover, even if the changes enacted by the FSA could be understood as such a right, the changes to the Guidelines resulting from the FSA were made permanent on November 1, 2011, see Dorsey v. United States, 132 S. Ct. 2321, 2329 (2012), well over one year prior to Goss's Motion. Similarly, section 2255(f)(4) does not make Goss's Motion timely because the relief she seeks is supported by a change in law, not by newly-discovered facts. See United States v. Duval, 957 F. Supp. 2d 100, 115 (D. Mass. 2013) ("[T]he limitation provided for in § 2255(f)(4) requires newly discovered facts or evidence, not a change in the law."); see also Tellado v. United States, 799 F. Supp. 2d 156, 162–64 (D. Conn. 2011) (same), aff'd, 745 F.3d 48 (2d Cir. 2014). Even

if the FSA's changes could be interpreted as facts for the purposes of section 2255(f)(4), those facts "could have been discovered through the exercise of due diligence" well before September 9, 2012.  Indeed, Goss believed that the FSA may be beneficial to her when she wrote to counsel requesting assistance in filing a motion to reduce her sentence based on that Act, sometime around August 2011.  See Resp.'s Opp., Ex. 2 (Doc. No. 11-2) (Goss's letter to counsel); see also Mot. Vacate, Ex. A (counsel's response to Goss, dated August 9, 2011).  Finally, Goss's claims cannot be equitably tolled: she does not set forth facts showing any "extraordinary circumstance" and she does not provide any reason to believe that she acted with reasonable diligence.  Therefore, Goss's Motion is untimely.

    B.    Waiver

Alternatively, Goss waved her right to collaterally attack her conviction and sentence.  A waiver of the right to collaterally attack a conviction or sentence is valid if and only if the record clearly demonstrates that the waiver was both knowing and voluntary.  See United States v. Monzon, 359 F.3d 110, 116–17 (2d Cir. 2004) (stating this standard in the context of waivers of the right to appeal a sentence); Cherry v. United States, No. 3:12-CV-1526 JCH, 2013 WL 2456556, at *3 (D. Conn. June 6, 2013) (applying this standard to a waiver of the right to collaterally attack a sentence).

The record shows that Goss's waiver of appeal and collateral attack rights was knowing and voluntary.  The Plea Agreement itself states that "[i]t is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding . . . the conviction or sentence . . . if that sentence does not exceed 135 months and a 5 year term of supervised release."  Plea Agreement 4.  At the beginning of the Change of Plea

proceeding, Goss was placed under oath. Tr. 3. Goss acknowledged that she understood the significance of swearing such an oath. Id. at 3–4. Goss stated that she understood the proceeding. Id. at 8. Goss's counsel believed that Goss understood her rights and the nature of the proceedings and that he had "absolutely" no doubt as to her competence to enter a plea. Id. at 8–9. Goss confirmed that she read the Plea Agreement carefully and discussed each of its terms with her lawyer. Id. at 16. Judge Kravitz specifically addressed Goss's waiver of her right to appeal or collaterally attack her sentence, stating:

> Okay. I'll talk more about sentencing but I want to focus on this appeal waiver for the moment. As I said earlier, ordinarily, if you plead guilty and I accept, you could not appeal your conviction but you would still be free to appeal your sentence if you didn't like it for whatever reason, no matter what sentence I imposed.
> But here, you are agreeing that so long as my sentence does not exceed 135 months, which is eleven years, and a five-year term of supervised release, you've agreed not to appeal or through habeas corpus challenge your sentence. Do you understand that?

Id. at 19–20. Goss responded that she understood. Id. at 20. Goss's counsel agreed that he was satisfied that the waiver of these rights was knowing and voluntary. Id. Goss acknowledged that no one made any promises to her (aside from those in the plea agreement) or made threats against her to make her plead guilty, and she confirmed that she was entering the Plea Agreement freely and voluntarily. Id. at 22.

Goss seems to argue that the waiver was not knowing or voluntary because she was unable to focus at times during the proceedings  It is true that, early in the proceeding, Goss indicated that she had been addicted to narcotics and that it may be affecting her ability to focus. Id. at 6. However, she thereafter affirmed that she was "able to focus" and clarified that she was simply anxious about the situation. Id. at 7.

She then stated that she had not taken any medication, narcotics, or drugs in the last 48 hours that would affect her ability to understand, and she stated that her mind was clear.  Id.  As previously stated, she confirmed her understanding throughout the rest of the proceeding without issue.  Thus, the court concludes that Goss knowingly and voluntarily waived her right to collaterally attack her sentence.[1]

## V.   CONCLUSION

For the foregoing reasons, the court **DENIES** Goss's Motion to Vacate (Doc. No. 1).  Because Motion to Vacate is denied, the court also **DENIES** Goss's Motion to Appoint Counsel (Doc. No. 3).

Because the petitioner has not made a "substantial showing" of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).

---

[1] Goss identifies ineffective assistance of counsel as one of her grounds for relief.  See Mot. Vacate 5.  The right to challenge a sentence or conviction based on ineffective assistance of counsel cannot be waived where the ineffective assistance related to the "process by which the plea agreement was consummated."  See United States v. Hernandez, 242 F.3d 110, 113–14 (2d Cir. 2001) ("We have suggested that a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel.").  However, ineffective assistance of counsel claims arising out of conduct unrelated to that process are waivable.  See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (upholding a waiver of the right to collaterally attack a sentence where petitioner's attack was based, in part, on alleged ineffective assistance of counsel related to the petitioner's sentencing); see also United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001) ("[W]e hold that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable.").
    Because Goss's claim of ineffective assistance of counsel arose out of an exchange years after Goss pleaded guilty, see Mot. Vacate 5, her ineffective assistance of counsel claim is waived along with the other grounds for relief.

**SO ORDERED**.

Dated at New Haven, Connecticut, this 23rd day of February, 2015.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge